OSCN Found Document:WARD & LEE, P.L.C. v. CITY OF CLAREMORE

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 WARD & LEE, P.L.C. v. CITY OF CLAREMORE
2014 OK CIV APP 1
Case Number: 109895
Decided: 05/31/2013
Mandate Issued: 01/03/2014
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2014 OK CIV APP 1, __ P.3d __

WARD & LEE, P.L.C., Plaintiff/Appellant,
v.
CITY OF CLAREMORE; SARAH SHARP, CITY CLERK; STAN BROWN, CHIEF OF POLICE; and JULIE SPURLING, RECORDS SUPERVISOR, Defendants/Appellees.



APPEAL FROM THE DISTRICT COURT
OF ROGERS COUNTY, OKLAHOMA

HONORABLE SHEILA A. CONDREN, JUDGE



REVERSED AND REMANDED



Stephen G. Fabian, Jr., FABIAN & ASSOCIATES, INC. P.C., Oklahoma City, Oklahoma, and Josh D. Lee, WARD & LEE, PLC, Vinita, Oklahoma, for Plaintiff/Appellant,
Matthew J. Ballard, ROSENSTEIN, FIST & RINGOLD, Tulsa, Oklahoma, for Defendants/Appellees.




ROBERT D. BELL, JUDGE:


¶1 Plaintiff/Appellant, the law firm of Ward & Lee, P.L.C., appeals from the trial court's order denying the firm's petition for declaratory relief brought pursuant to the Oklahoma Open Records Act, 51 O.S. 2011 §24A.1 et seq. For the reasons set forth below, we reverse and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY

¶2 Josh D. Lee, a principal of Appellant law firm, routinely represents clients accused of alcohol and driving related criminal offenses. In the spring of 2011, Lee was hired to represent Richard Stangland, who had been arrested by a Claremore police officer for driving under the influence of intoxicants on March 4, 2011, in Rogers County. On April 18, 2011, Lee sent an Open Records request to the Claremore Police Department. The letter identified Stangland by his full name and Oklahoma drivers license number. The request sought any and all video and audio tape recordings taken in the patrol car, booking area and any breath testing area, and copies of the arresting officer's arrest report/affidavit of probable cause, accident investigation reports and police reports "for the above referenced person on the above referenced date." Lee erroneously listed Stangland's arrest date as April 4, 2011, rather than March 4, 2011.

¶3 In response, Julie Spurling, Records Supervisor for the Claremore Police Department, sent Lee a letter directing him to see the attached Claremore Police Department video and audio policy. The policy, an "Internal Memo" created by Police Chief Stan Brown on March 2, 2011, stated inter alia that any person seeking disclosure of any video or audio recording from the department for an active criminal case must process their request initially through the prosecutorial authority (in this instance the Rogers County District Attorney's Office). Spurling's letter made no mention of the erroneous arrest date listed in Lee's request and provided no other documents requested by Lee.

¶4 On May 2, 2011, Chief Brown sent a second response to Lee which included several documents "reference[d in] your open records request dated April 18, 2011." Those documents all related to Stangland's March 4, 2011, arrest. With respect to video and audio recordings, however, Chief Brown's letter directed Lee to follow the procedure outlined in the chief's audio and video policy. Like Spurling's previous response, Chief Brown's letter mentioned nothing about confusion over Stangland's arrest date. There is no evidence in the record Stangland was arrested by Claremore police on any date other than March 4, 2011.

¶5 On the belief that a video existed showing Stangland's arrest, Appellant filed the instant suit on May 24, 2011. The petition sought declaratory relief for Appellees' violation of the Open Records Act. Specifically, Appellant contended any video and/or audio recordings of Stangland's arrest constituted records containing "facts concerning the arrest, including the cause of arrest" pursuant to 51 O.S. 2011 §24A.3 and §24A.8. Appellant's petition also sought an injunction to ensure future disclosure for similar requests.

¶6 The record reveals the Claremore Police Department was unable to transfer video images and audio files from its database to DVDs from April 1, 2011, to June 2, 2011, due to malfunctioning equipment. On June 6, 2011, the Department made a DVD copy of the "dash camera" video of Stangland's arrest and forwarded it to the Rogers County District Attorney's Office the next day. The District Attorney's Office thereafter provided the video to Appellant as part of the discovery process in Stangland's criminal prosecution. There is no allegation or evidence that the Claremore Police Department possesses any other video or audio recordings of Stangland's DUI arrest.

¶7 At the subsequent non-jury trial, Appellees claimed: (1) Appellant's lawsuit was moot because the firm ultimately received the recording it sought; (2) there has been no violation of the Open Records Act because Appellant listed an incorrect date of arrest in its request; and (3) the dash cam recording of Stangland's arrest is not a public record subject to public inspection under the Act. The trial court denied relief, holding: (1) the issues were not moot because Appellant had a reasonable expectation it would be subjected to the same action again; (2) Appellees "technically" did not violate the Act because Appellant listed the wrong arrest date in its request; and (3) the dash cam video, as a direct piece of evidence, is not a public record subject to disclosure under the Act. From said judgment, Appellant appeals.

STANDARD OF REVIEW

¶8 A trial court's decision in a declaratory judgment action is "reviewable in the same manner as other judgments." 12 O.S. 2011 §1654. In Pacificare of Okla. v. Oklahoma Health Care Auth. Bd., 2001 OK CIV APP 73, 25 P.3d 930, the Court reiterated:



The appellate court has the plenary, independent, and nondeferential authority to reexamine a trial court's legal rulings. Matters involving legislative intent present questions of law which are examined independently and without deference to the trial court's ruling. The trial court's findings of fact will not be disturbed unless they appear clearly to be against the weight of the evidence. Thus, in actions of equitable cognizance, the judgment made by the trial court will be reversed if it is clearly contrary to the weight of the evidence or contrary to accepted principles of equity or rules of law.



Id. at ¶13, 25 P.3d at 933-4 (citations omitted).

FACTUAL FINDING OF TECHNICAL COMPLIANCE

¶9 We first examine - and reject - the trial court's factual finding that Appellees complied with the Open Records Act because Appellee listed the wrong arrest date in its request. The date of Stangland's arrest was never an issue with Chief Brown and the Claremore Police Department. Although Brown and his employees may initially have been confused by the date listed on Appellee's Open Records request, Appellees quickly concluded Appellant was seeking information about Stangland's arrest on March 4, 2011 - the only arrest for Stangland listed in the city's records. Indeed, Chief Brown responded to Appellant's request by forwarding many of the documents Appellant requested concerning Stangland's March 4, 2011, arrest.

¶10 Chief Brown's refusal to turn over the dash cam video of Stangland's arrest was not due to confusion over his arrest date, nor was it related to the technical problems the police department was having with its recording equipment. The issue in this case has always been about Brown's internal policy regarding the releasing of video and audio recordings. Chief Brown testified during trial he understood Appellant's request sought a copy of any arrest video of Stangland on March 4, 2011. The chief further specifically and repeatedly testified he did not authorize the release of the dash cam video of Stangland's arrest because of his internal policy. Appellees' argument that they refused to turn over the video because of an erroneous arrest date listed in Appellant's Open Records request is disingenuous and unsupported by the record. Appellees knew exactly what Appellant was seeking. The trial court's conclusion that Appellees "technically" complied with Appellant's request because of the erroneous date is clearly contrary to the weight of the evidence.

OPEN RECORDS ACT ANALYSIS

¶11 At issue in this case is whether a police car "dash cam" video of a DUI arrest is subject to mandatory disclosure under the Open Records Act. Subsection 24A.8(B) of the Act permits police departments to deny access to law enforcement records unless those records are listed in §24A.8(A) or made open by other laws or court order.[1] Subsection 24A.8(A) provides in relevant part:



A. Law enforcement agencies shall make available for public inspection, if kept, the following records:

1. An arrestee description, including the name, date of birth, address, race, sex, physical description, and occupation of the arrestee;

2. Facts concerning the arrest, including the cause of arrest and the name of the arresting officer.



¶12 The preliminary question is whether Stangland's arrest video is a "record" under the Act. The Claremore Police Department clearly falls within the definition of "law enforcement agency" set forth in §24A.3(5) of the Act ("police departments"). "Record," as defined by §24A.3(1) of the Act, includes audio and video records "created by, received by, under the authority of, or coming into the custody, control or possession of public officials, public bodies, or their representatives in connection with the transaction of public business, . . ." The dash cam video at issue here is a recording created by and under the authority of public officials in connection with the transaction of public business. Thus, the arrest video is a "record" as defined by the Act.

¶13 The lynchpin issue here is whether Stangland's arrest video constitutes "[f]acts concerning [his] arrest, including the cause of arrest . . ." as defined by §24A.8(A)(2). Appellant argues an arrest video may contain the reason for the stop, the facts that lead an officer to make an arrest (including field sobriety tests and statements), the procedures followed in making the arrest (including Implied Consent procedures), and breath or alcohol testing procedures. All of these, Appellant contends, constitute "facts concerning arrest."

¶14 In Fabian & Associates, P.C. v. State ex rel. Dept. of Pub. Safety, 2004 OK 67, 100 P.3d 703, the appellant law firm sought declaratory and injunctive relief after being denied, pursuant to an Open Records request, access to recordings of DPS administrative hearings concerning the revocation of drivers licenses. The Supreme Court held the tape recordings of Implied Consent hearings before DPS are "records" as defined by the Act and that DPS is required to provide copies of the recordings for public inspection. Specifically, the Court held:



[S]ince the tapes contain facts concerning the arrest of the individual who was the subject of the hearing [pursuant to §24A.8(A)(2)], DPS is required to make these tapes available to the public.



Fabian at ¶15, 100 P.3d at 706. Appellant in the present case argues, and we agree, if an Implied Consent hearing is considered "facts concerning the arrest," then surely the video and/or audio recording of the actual arrest must also constitute "facts concerning the arrest."

¶15 In Citizens Against Taxpayer Abuse, Inc. v. City of Okla. City, 2003 OK 65, 73 P.3d 871, the Supreme Court reiterated:



Unless a record falls within a statutorily prescribed exemption in the [Open Records] Act, the record must be made available for public inspection. The public body urging an exemption has the burden to establish the applicability of such exemption.



Id. at ¶12, 73 P.3d at 875. Appellees in the present case failed to show Stangland's arrest video falls within any exception to disclosure under the Act. Appellees' argument - and the trial court's holding - that the video is exempt because it could be used as evidence in a subsequent criminal prosecution is without legal support. There is no such exemption enumerated in the Act.

¶16 We note the Legislature has specifically exempted from the definition of "record" in the Act all "audio or video recordings of the Department of Public Safety." 51 O.S. Supp. 2005 §24A.3(1)(h)(3). Appellant's counsel contends this amendment was in direct response to his victory in Oklahoma County District Court Case No. CJ-2005-771, where the district court held Oklahoma Highway Patrol vehicle video tapes were law enforcement records under the Act and must be disclosed without requiring a release from the person shown in the videos. The Act contains no similar exemptions for audio or video recordings of municipal police departments.

¶17 On the basis of the foregoing, we hold the video of Stangland's arrest constitutes a public record subject to inspection under the Open Records Act. Accordingly, the judgment of the trial court is reversed and this matter is remanded for further proceedings consistent with this opinion. Title 51 O.S. 2011 §24A.17(B) "provides that any person denied access to a public record and who successfully brings a civil action for declarative or injunctive relief is entitled to reasonable attorney fees." Fabian, 2004 OK 67 at ¶19, 100 P.3d at 707. Appellant's request for reasonable attorney fees is hereby granted and the trial court is directed to determine the same on remand.


¶18 REVERSED AND REMANDED.



BUETTNER, P.J., concurs, and JOPLIN, C.J., dissents.



FOOTNOTES


[1] Subsection 24A.8(B) states in full:

Except for the records listed in subsection A of this section and those made open by other state or local laws, law enforcement agencies may deny access to law enforcement records except where a court finds that the public interest or the interest of an individual outweighs the reason for denial.









 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Court of Civil Appeals Cases Cite
Name
Level 2001 OK CIV APP 73, 25 P.3d 930, 72 OBJ 2014, PACIFICARE OF OKLAHOMA v. OKLAHOMA HEALTH CARE AUTHORITY BOARD
Discussed
Oklahoma Supreme Court Cases Cite
Name
Level 2003 OK 65, 73 P.3d 871, CITIZENS AGAINST TAXPAYER ABUSE, INC. v. CITY OF OKLAHOMA CITY
Discussed 2004 OK 67, 100 P.3d 703, FABIAN & ASSOCIATES, P.C. v. STATE ex rel. DEPT. OF PUBLIC SAFETY
Discussed at Length
Title 12. Civil Procedure Cite
Name
Level 12 O.S. 1654, Determination to Have Effect of Final Judgment - Reviewable as Other Judgments
Cited
Title 51. Officers Cite
Name
Level 51 O.S. 24A.3, Definitions
Discussed 51 O.S. 24A.1, Short Title
Cited 51 O.S. 24A.17, Violations of Oklahoma Open Records Act - Civil Liability
Cited